[No. 1997-1.   Division One.   November 5, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. MARQUIS ECKMAN, *Appellant.*

*John A. Strait,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Corydon J. Nelsen, Deputy,* for respondent.

FARRIS, J.—Marquis Eckman appeals his nonjury conviction of the crime of second-degree assault on a police officer.

Eckman was arrested in Seattle on December 21, 1971, and charged with robbery of one Dale Swezey and with second-degree assault upon police officer Walter Furler, which assault allegedly took place in conjunction with Eckman's arrest. A preliminary hearing was conducted on January 3, 1972, and testimony was given by victim Swezey and police officer Robert Martinson on both charges: the robbery and the assault on Officer Furler. The hearing judge ordered Eckman bound over on both counts.

On January 14, 1972, an information was filed charging Eckman and a codefendant with robbery and assault on Swezey, omitting the alleged assault on Officer Furler. Eckman was found not guilty by a jury.

Subsequently, a new information was filed charging Eckman with second-degree assault on Officer Martinson. Eckman's motion to quash the information on grounds of former jeopardy was denied on May 23, 1972. Eckman then filed a petition for a writ of prohibition in the Court of Appeals, No. 1751-I. That petition was dismissed on July 6, 1972, for lack of jurisdiction, the application not having been filed within 15 days of the final order denying the motion to quash the information, and the matter proceeded to trial.

The trial judge sitting without a jury found Eckman guilty of assault on Officer Martinson. This appeal followed.

■    Eckman assigns error to the failure of the trial court to dismiss the action and quash the information for the reason that it places him twice in jeopardy for the same offense. He urges the court to apply the "same transaction test" of double jeopardy adopted by the Oregon Supreme Court. *State v. Brown,* 262 Ore. 442, 497 P.2d 1191 (1972). The "same transaction test" was recently rejected by the Supreme Court. In *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973), the court reaffirmed its adherence to the "same

evidence" test first laid down in *State v. Reiff*, 14 Wash. 664, 667, 45 P. 318 (1896):

> "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." [*Morey v. Commonwealth*, 108 Mass. 434.]

Here, evidence of an assault by Eckman on Officer Martinson could not maintain a conviction for an assault by Eckman on Dale Swezey, or vice versa. The assault on Officer Martinson took place approximately one and one-half blocks away and several minutes after the alleged assault on Swezey. Officer Martinson was not even present during the alleged assault involving Swezey. The trial court therefore properly denied the motions to dismiss and to quash on grounds of former jeopardy.

■ Relying upon *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956), Eckman next argues that he was denied his due process and equal protection rights under the fourteenth amendment to the United States Constitution by the prosecutor's alleged discretion to charge the assault as either a felony or a misdemeanor. *Olsen* concerned a provision of the Uniform Firearms Act (RCW 9.41.160), which carried the punishment of a fine not to exceed $500 or imprisonment in the county jail, or both, or alternatively, imprisonment in the state penitentiary for not less than 1 nor more than 10 years. The *Olsen* court held that equal protection was violated by the prosecutor's discretion to charge either a gross misdemeanor or a felony under a single statute.

Here the prosecutor has no such discretion. Conviction under RCW 9.11.020, the second-degree assault statute, requires an assault to be committed upon another person. Conviction under RCW 9.69.040, the resisting a public officer statute, requires only a resisting, delay or obstruction of a public officer in the discharge of his lawful duties. The elements of proof of each offense are different. The

prosecutor does not have discretion to charge either offense for the same acts. Therefore, *Olsen* does not apply even if the existence of two separate statutes here, as opposed to the single statute in *Olsen,* is considered irrelevant. Eckman's due process and equal protection rights were not abused.

■ Third, Eckman argues that the evidence introduced at his trial was insufficient to prove a violation of RCW 9.11.020(6), the second-degree assault statute. For there to be an assault under RCW 9.11.020(6), there need only be an attempt, with unlawful force, to inflict bodily injury on another, accompanied by apparent present ability to give effect to the attempt if not prevented. *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942). Here the record includes testimony that Eckman fought with Officers Martinson and Furler to prevent his lawful apprehension. The findings of fact indicate that the trial court believed this testimony. This willful conduct by Eckman was sufficient to support his conviction for second-degree assault.

■ Fourth, Eckman urges that no lawful arrest was accomplished and that therefore he could not have committed an assault in the course of resisting arrest. Eckman argues that particularly in view of his subsequent acquittal on the robbery charge, his attempts to protect himself were reasonable. However, the police had probable cause to arrest Eckman for Swezey's robbery and assault; Swezey approached Furler and Martinson's patrol car, obviously badly beaten, said he had been robbed, and pointed to Eckman as his assailant. When Officer Furler stated in the presence of Eckman, "Let's handcuff him and take him downtown," Eckman was properly notified of his arrest. We recognize that a private citizen may use force to resist an improper arrest. *Seattle v. Gordon,* 54 Wn.2d 516, 342 P.2d 604 (1959). But where, as here, properly identified officers make an arrest with probable cause to do so, that exception to the unlawfulness of forceful resistance does not apply.

Finally, Eckman argues that the trial court committed prejudicial error by allowing Swezey to testify here about the circumstances of his robbery and assault since a jury had acquitted Eckman of those charges. We hold that the error, if any, in permitting that testimony was harmless, particularly in view of the liberal practice in the admission of evidence where the trial judge sits without a jury. *See State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970).

Affirmed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied December 20, 1973.