[No. 2387–3. Division Three. June 8, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
LEE GARCIA, *Appellant.*

*Nashem, Prediletto, Brooks, Schussler & Halpin* and
*Thomas Prediletto,* for appellant (appointed counsel for
appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kip B. Kendrick, Deputy,* for respondent.

ROE, J.—On November 10, 1976, there was a brawl at Tiny's Tavern in Wapato. Defendant David Garcia was not participating when several police officers managed to move it outside the tavern. However, the jury was entitled to believe that when Bruce Olson, a uniformed reserve officer for the Wapato police, was attempting to separate a group of combatants, defendant lunged towards Officer Olson and struck him in the upper right arm with enough force to cause a bruise that lasted for several days. Olson testified that two or three others also grabbed him, but he was able to identify only defendant. Defendant admitted grabbing, but not striking, Olson's arm. He claims he did this to prevent Olson from applying his nightstick to the head of another man who, defendant claimed, was attempting to break up the fight. The jury convicted defendant of third–degree assault under RCW 9A.36.030(1).[1]

Defendant's first contention is that the trial court erred in giving instruction No. 7[2] because the instruction permitted the jury to convict him of third–degree assault without proof beyond a reasonable doubt that defendant specifically intended to inflict bodily injury on the police officer.

██ Nothing in the statutory language supports the contention that specific intent to inflict bodily injury is an element of third–degree assault. Two things must be shown: (1) an assault, and (2) in this case, intent to prevent or resist the lawful apprehension or detention of himself or

[1]"Every person who, under circumstances not amounting to assault in either the first or second degree, shall assault another with intent to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person shall be guilty of assault in the third degree."

[2]"You are instructed that under the laws of the State of Washingotn [*sic*], the term 'assault' means any unlawful, unpermitted or intentional touching or striking of another, regardless of whether or not any actual physical harm is done to the victim."

another person. Defendant contends that an assault is an attempt "to inflict bodily injury on another," citing *State v. Eckman,* 9 Wn. App. 905, 908, 515 P.2d 837 (1973). Defendant in that case was charged with second–degree assault under RCW 9.11.020(6),[3] the predecessor to our present third–degree assault statute. The quoted language has long been part of the common law in this state, *see Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 505, 125 P.2d 681 (1942), and its use was quite appropriate under the circumstances of the cases in which it has appeared.[4] This language does not, however, mean that the instruction given in the case at bench was erroneous. *State v. Rush,* 14 Wn.2d 138, 139, 127 P.2d 411 (1942), elaborated on this definition:

> We are committed to the rule that an assault is an attempt, with unlawful force, to inflict bodily injury upon another, . . . Within this definition, one would be guilty of assault, if he raised his hand in anger with an apparent purpose to strike . . .

The jury was entitled to believe that defendant not only raised his hand but also did strike. When the trial court instructed the jury that defendant's act could constitute assault "regardless of whether or not any actual physical harm is done," it was saying that Officer Olson need not have actually been physically injured.

Defendant's argument mistakenly assumes that an assault must be an attempt to injure. An assault is an attempt to commit a battery, which is an unlawful touching; a touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive. *See* R. Perkins, *Criminal Law*

---

[3]"Shall assault another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person;"

[4]*See, e.g., State v. Rush,* 14 Wn.2d 138, 127 P.2d 411 (1942); *State v. Evans,* 32 Wn.2d 278, 201 P.2d 513 (1949); *State v. Coffelt,* 33 Wn.2d 106, 204 P.2d 521 (1949); *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967); *State v. Stewart,* 73 Wn.2d 701, 440 P.2d 815 (1968).

ch. 2, § 2.A.1, at 107–08 (2d ed. 1969); 6 Am. Jur. 2d *Assault and Battery* § 5, 10 (1963).

 Defendant's second contention is that the prosecutor has unconstitutional discretion to charge either a felony or a misdemeanor since, he alleges, violation of RCW 9A.76.020(3)[5] (obstructing a public servant) may be charged under the same facts. *State v. Eckman, supra,* considered the same contention under the former versions of both statutes, RCW 9.11.020(6) (second–degree assault); RCW 9.69.040[6] (resisting a public officer). The court found that the elements of proof of each offense were different; hence, the prosecutor did not have discretion to charge either offense for the same act. Under the new statutes, third–degree assault still requires an assault; obstructing a public servant does not. Just because one might "hinder, delay, or obstruct" a police officer by committing assault does not mean that the elements of the two offenses are congruent. We do not find that the statutes allow the prosecutor unconstitutional discretion.

 Defendant also claims that the trial court erred in failing to instruct the jury that a bystander may, under limited circumstances, use necessary force to prevent a policeman from using excessive force in making a lawful arrest. *State v. Westlund,* 13 Wn. App. 460, 536 P.2d 20, 77 A.L.R.3d 270 (1975). Defendant did not, however, propose such an instruction.

Defendant could have argued,[7] under instruction No. 8,[8]

---

[5]"(3) shall knowingly hinder, delay, or obstruct any public servant in the discharge of his official powers or duties; shall be guilty of a misdemeanor."

[6]"Every person who, in any case or under any circumstances not otherwise specially provided for, shall wilfully resist, delay or obstruct a public officer in discharging or attempting to discharge any legal duty of his office, shall be guilty of a misdemeanor."

[7]The State contends in its brief that defendant did so argue, but since the record does not include the closing arguments, we cannot determine whether this be true.

[8] "To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt.

that Officer Olson was apprehending another in an unlawful manner and that defendant's actions were therefore justified. We cannot find that a manifest injustice was done to defendant if he failed to avail himself of this opportunity. The trial court's failure so to instruct, since defendant did not request it, does not constitute reversible error; no constitutional right is implicated, nor will manifest injustice result from this court's refusal to review this issue further. *See State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968).

■ Defendant's final contention is that substantial evidence does not support the jury's verdict. The substance of this claim seems to be that certain of Officer Olson's testimony was uncorroborated, and that the conviction is based partly upon circumstantial evidence. The jury was entitled to conclude, from Officer Olson's testimony, that it was in fact the defendant who committed the assault. Also, circumstantial evidence is sufficient to prove any element of a crime. *State v. Lewis,* 69 Wn.2d 120, 417 P.2d 618 (1966).

Defendant's conviction is affirmed.

GREEN and MCINTURFF, JJ., concur.

---

"...

"(2) That the assault was committed with intent to prevent or resist the *lawful* apprehension or detention of himself or another person." (Italics ours.)