PER CURIAM: *
Mauricio Matute-Galdamez challenges his conviction and sentence for having been found unlawfully in the United States subsequent to deportation, a violation of 8 U.S.C. § 1326(b)(2). As an initial matter, Matute-Galdamez argues that the “felony” and “aggravated felony” provisions of § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Matute-Galdamez concedes that this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve it for further review. This court must follow the precedent in Almendarez-Torres “unless and until the Supreme Court itself determines to overrule it.” Hopwood v. State of Tex., 84 F.3d 720, 722 (5th Cir.1996). Matute-Galdamez’s conviction is AFFIRMED.
Matute-Galdamez argues that the district court incorrectly increased his base offense level by 16 levels on the basis of his prior conviction for aggravated sexual battery, an offense the court deemed to be a crime of violence within the meaning of U.S.S.G. § 2L1.2. Because Matute-Galdamez raises this argument for the first time on appeal, the sentence imposed by the district court, based on the enhancement, should be reviewed under the plain error standard. See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir.2002).
Matute-Galdamez argues that Kan. Stat. Ann. § 21-3518 (2000), aggravated sexual battery, is not a crime of violence. A crime of violence is defined as (I) “an offense ... that has an element the use, attempted use, or threatened use of physical force against the person of another; and (II) includes ... forcible sex offenses.” U.S.S.G. § 2L1.2, comment, (n. l(B)(ii)(I) and (II)). The use of force “requires that a defendant intentionally avail himself of that force.” United States v. Vargas-Duran, 356 F.3d 598, 599 (5th Cir.2004). The question presented by this case is whether a sexual touching when accompanied by an act of coercion or the knowledge that the victim did not have the capacity to consent to the sexual act is a crime of violence. In interpreting a similar Missouri sexual assault statute, this court held that such an act does not require the use of physical force against the victim as required under Vargas-Duran. United States v. Sarmiento-Funes, 374 F.3d 336, 339-42 (5th Cir.2004). The reasoning of Sarmiento-Funes is binding in this case because the Kansas statute also allows for conviction for sexual intercourse “to which the victim assents, though that assent is a legal nulli *266 ty, such as when it is the product of deception or a judgment impaired by intoxication.” Id. at 341.
There is no foundation for the imposition of a 16-level enhancement because Matute-Galdamez’s prior offense does not fall within the sentencing guidelines’ definition of a crime of violence. The error is plain and must be corrected because the erroneous sentence affects Matute-Galdamez’s substantial rights and impugns the fairness and integrity of judicial proceedings. See Gracia-Cantu, 302 F.3d at 313. Accordingly, Matute-Galdamez’s sentence is VACATED and the case is REMANDED to the district court for resentencing in conformity with Sarmiento-Funes.
CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.