United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2006

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
for the Fifth Circuit*

No. 05-50047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL MAGDALENO-SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1402-ALL

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raul Magdaleno-Sanchez ("Magdaleno") pleaded guilty to illegally reentering the United

States after having been deported, in violation of 8 U.S.C. § 1326.  At sentencing, the district court

enhanced Magdaleno's base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because

it determined that he had been convicted in a Washington state court of a "crime of violence," namely

assault in the second degree with a special finding of sexual motivation.  The district court also

included two points to Magdaleno's criminal history score because it concluded that Magdaleno

committed the instant offense less than two years following release from custody for the state assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense. Magdaleno challenges his sentence on three grounds, claiming that: 1) section 1326(b) is unconstitutional; (2) the district court violated his Sixth Amendment rights under *United States v. Booker*;[1] and 3) his prior conviction for assault in the second degree does not constitute a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(a). We vacate Magdaleno's sentence and remand for resentencing for the reasons stated below.

As an initial matter, Magdaleno argues that because the indictment did not allege a prior conviction, it charged only a violation of § 1326(a) and under *Apprendi v. New Jersey*[1] his sentence violated due process because it exceeded t he two-year maximum punishment for the § 1326(a) offense charged. This argument is foreclosed by *Almendarez-Torres v. United States*.[2] Although Magdaleno contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding law.[3] Magdaleno concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, raising it here solely to preserve it for further review.

Magdaleno next argues that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines system held unconstitutional in *Booker*.[4] The government concedes

---

[1] 125 S. Ct. 738 (2005).

[1] 530 U.S. 466 (2000).

[2] 523 U.S. 224 (1998).

[3] *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. ), *cert. denied*, 126 S. Ct. 298 (2005).

[4] *Booker*, 125 S. Ct. at 764-65; *see also United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005).

2

that Magdaleno preserved his *FanFan* claim of error.[5] The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless.[6] Accordingly, we vacate Magdaleno's sentence and remand to the district court for resentencing. In the interest of judicial efficiency and to provide guidance on remand, we address whether Magdaleno's prior assault-in-the-second-degree conviction is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[7]

Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level enhancement of a defendant's offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." An offense constitutes a "crime of violence" if (1) it has the use of force against another as an element of the offense, or (2) it fits within an enumerated list, which includes an "aggravated assault" and "forcible sex offenses".[8] The government contends that Magdaleno's prior conviction for assault in the second degree is a crime of violence under both definitions. Because we conclude that Magdaleno's prior conviction "has as an element the use, attempted use, or threatened use of physical force[,]" we need not address whether it is an "aggravated assault" or "forcible sex offense." We

---

[5] *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005) (discussing the difference between Sixth Amendment *Booker* error and *Fanfan* error).

[6] *See id.*

[7] *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5th Cir. 2002) (addressing an issue "[t]o provide guidance on remand" even though other errors justified a remand); *see also In re Mirant Corp.*, 378 F.3d 511, 522 (5th Cir. 2004) (addressing an issue "[i]n the interest of judicial efficiency and to provide guidance on remand").

[8] U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

review the district court's characterization of Magdaleno's prior conviction *de novo*.[9]

In determining whether a prior conviction of a non-enumerated offense is a conviction for a crime of violence, this court "looks to the elements of the crime, not the defendant's actual conduct in committing it."[10] Consequently, "the statute of conviction, not the defendant's underlying conduct, is the proper focus."[11] However, if the statute contains multiple, disjunctive subsections, we may look "beyond the statute to certain 'conclusive records made or used in adjudicating guilt' in order to determine which particular statutory alternative applies to the defendant's conviction.'"[12] Nevertheless, these records, which "are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant[] assented[,]"[13] may not be used to conclude that force is an element of the statute.[14] Therefore, "[a]lthough the actual conduct described in the indictment[] could be construed to involve the use of physical force against the person of another, that is 'irrelevant' in determining whether physical force is in fact an element of the offense."[15] Instead, the relevant question is whether the government must prove the intentional use of force to sustain a conviction under the particular

---

[9]*United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2005) (en banc).

[10]*Id.*

[11]*Id.*

[12]*United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005).

[13]*Id.* (internal quotation marks and citations omitted).

[14]*United States v. Acuna-Cuadros*, 385 F.3d 875, 879 (5th Cir. 2004).

[15]*Calderon-Pena*, 383 F.3d at 257 (noting that the sentencing court may look to the indictment "for the limited purpose of determining which of a series of disjunctive elements a defendant's conviction satisfies").

statutory alternative at issue.[16] "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime."[17]

Magdaleno was convicted of assault in the second degree with a special finding of sexual motivation, in violation of WASH. REV. CODE § 9A.36.021(1)(e). Subsection 9A.36.021(1)(e) provides: "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree . . . [w]ith intent to commit a felony, assaults another . . . ."[18] The statute further provides that a special finding of "sexual motivation"[19] renders the offense a class A felony rather than a class B felony.[20] Because the term "assault" is not defined by statute, Washington courts apply its common-law definition,[21] which recognizes three types of assault: "(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting harm."[22]

Magdaleno argues that under the second common-law definition of assault (unlawful touching

---

[16]*United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc).

[17]*Id.*

[18]WASH. REV. CODE. ANN. § 9A.36.021(1)(e).

[19]"Sexual motivation" means "that one of the purposes for which the defendant committed the crime was for the purpose of his or her sexual gratification." WASH. REV. CODE. ANN. § 9A.94A.30(39).

[20]WASH. REV. CODE. ANN. § 9A.36.021(2)(b).

[21]*Clark v. Baines*, 84 P.3d 245, 247 n.3 (Wash. 2004) (en banc).

[22]*Id.* (quotations and citation omitted).

with criminal intent), a defendant can be convicted of violating subsection 9A.36.021(1)(e) by merely touching someone with intent to commit a felony, and therefore, the intentional use of force is not an element of the offense.[23] As Magdaleno recognizes, subsection 9A.36.021(1)(e) does not criminalize mere touching. Rather, the statutory provision outlaws unlawful touching with intent to commit a felony. Therefore, the issue is whether the government must prove the intentional use of force to sustain a conviction of assault in the second degree for unlawful touching with intent to commit a felony.

Under Washington law, an "unlawful touching" is a non-privileged touching that is harmful *or* offensive.[24] In a recent unpublished opinion, *United States v. Sanchez-Torres*,[25] we addressed whether a defendant's convictions in Washington state court for assault in the fourth degree[26] were

---

[23]*See United States v. Sarmiento-Funes,* 374 F.3d 336, 339, 341 (5th Cir. 2004) (concluding that a Missouri "sexual assault statute does not require that physical violence, coercion, or threats accompany the sex act," and that intercourse does not involve the use of physical force within the meaning of former § 2L1.2 cmt. n.1(B)(ii)(I) "when it is accompanied by consent-in-fact"); *United States v. Houston*, 364 F.3d 243, 246, 247 (5th Cir. 2004) (holding that "§ 4B1.2 is plainly inapplicable because 'use of force' is not an element of the crime of statutory rape as defined by Texas," and that "sexual intercourse between a 20 year old male and a female a day under 17, free of aggravating circumstances, such as the victim's lack of consent or the offender's use of violence does not present a serious potential risk of physical injury" within the meaning of U.S.S.G. § 4B1.2); *see also United States v. Matute-Galdamez*, No. 03-41728, 2004 WL 2278498, at *1 (5th Cir. Oct. 6, 2004) (unpublished opinion) (holding that the element of "sexual touching" in a Kansas "aggravated sexual battery" offense was not an element that "require[d] the use of physical force").

[24]*State v. Garcia*, 20 Wash. App. 401, 403, 579 P.2d 1034 (1978) ("An assault is an attempt to commit a battery, which is an unlawful touching; a touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive.").

[25]No. 04-40513, 2005 U.S. App. LEXIS 12021, at *6-7 (5th Cir. June 21, 2005) (unpublished opinion).

[26]Under WASH. REV. CODE. ANN. § 9A.36.041(1), "[a] person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or

6

crimes of violence under U.S.S.G. § 2L1.2(b)(1)(E). We concluded that they were not because a "Washington state prosecutor may secure a conviction for fourth degree assault by proving that there was an intentional touching that [was] either 'harmful' or 'offensive'."[27] We noted that "while a 'harmful' touching likely involves as an element the use, attempted use, or threatened use of destructive or violent force . . ., an offensive touching may not involve such an element."[28] Therefore, "the mere fact that Sanchez-Torres was convicted for fourth degree assault d[id] not demonstrate that the use, attempted use, or threatened use of physical force is an essential element necessary to support that conviction."[29] Because "the record [was] devoid of any additional evidence, such as the judgment of conviction, or the plea colloquy, from which we [could] ascertain the essential elements of Sanchez-Torres's Washington fourth degree assault convictions, we [could] not categorically determine those convictions to be crimes of violence under U.S.S.G. § 2L1.2(b)(1)(E)."[30]

In this case, however, the record contains the charging document that led to Magdaleno's second-degree-assault conviction. Therefore, we can ascertain the essential elements of Magdaleno's conviction for assault in the second degree and can determine whether Magdaleno's alleged intentional touching was harmful or offensive. The charging document states:

> RAUL MAGDALENO-SANCHEZ [is accused] of the crime of Assault in the Second Degree, committed as follows: that the defendant RAUL MAGDALENO-SANCHEZ in King County, Washington on or about August 19, 2002, with intent to commit the

custodial assault, he or she assaults another."

[27]*Sanchez-Torres*, 2005 U.S. App. LEXIS 12021, at *7.

[28]*Id.*

[29]*Id.*

[30]*Id.*

7

> felony of Rape in the Second Degree, did intentionally assault [the victim]; [c]ontrary to RCW 9A.36.021(1)(e) . . . with sexual motivation, that is: that one of the purposes for which the defendant committed this crime was for the purpose of his sexual gratification . . . .

Under WASH. REV. CODE. ANN. § 9A.44.050(1), "a person is guilty of rape in the second degree, when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person: (a) [b]y forcible compulsion; or (b) when the victim is incapable of consent by reason of being physically helpless or mentally incapacitated . . . ." Additionally, Magdaleno's plea agreement stipulated that the trial "court, in sentencing, may consider as real and material facts information . . . in [a] certification[] of probable cause." An attached police certification indicates that Magdaleno grabbed the victim by the hair, forced her to perform oral sex on him, punched her repeatedly in the head, tore off her blouse and bra, pushed her face into a chain link fence, and began strangling her before she could get away. We may not use these "explicit factual findings . . . to which [Magdaleno] assented"[31] to conclude that force is an element of the statute, but may use them "for the limited purpose of determining which of a series of disjunctive elements [Magdaleno]'s conviction satisfies."[32] The "conclusive records made or used in adjudicating [Magdaleno's] guilt"[33] allow us to "pare down"[34] the assault-in-the-second-degree statute under which Magdaleno was convicted, leaving us with the offense of unlawful touching that is harmful (as opposed to offensive) with the intent to commit a felony. Because the government can not sustain

---

[31]*United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005).

[32]*United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2005) (en banc).

[33]*Gonzalez-Chavez*, 432 F.3d at 337.

[34]*Calderon-Pena*, 383 F.3d at 259.

8

a conviction for this "pared-down" offense without proving the use of force, we conclude that Magdaleno's prior conviction was a crime of violence under U.S.S.G. § 2L1.2.

\* \* \*

For the foregoing reasons, the sentence imposed is VACATED and the case is REMANDED for resentencing in accord with this opinion.