United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40607

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AURELIO MERAZ-ENRIQUEZ,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
---------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:

Aurelio Meraz-Enriquez appeals his sentence following his guilty plea for illegal reentry subsequent to deportation, a violation of 8 U.S.C. § 1326. Meraz argues that the district court erred by increasing his base offense level on the basis of his prior conviction for attempted aggravated sexual battery, an offense that the court deemed to be a 'crime of violence' within the meaning of U.S.S.G. § 2L1.2.[1] Because the defendant did not object below, this court reviews the district court's

---

[1] United States Sentencing Guideline § 2L1.2 states that the base offense level for unlawfully entering the United States is eight, subject to a sixteen level increase if the defendant was previously deported after a conviction for a crime of violence.

interpretation of the guidelines for plain error. See United States v. Villegas, 404 F.3d 355, 358-59 (5th Cir. 2005). Under the plain error standard, a party must show that: 1) there is an error; 2) that the error is clear or obvious; and 3) that the error affects the defendant's substantial rights. Id. at 358. The erroneous imposition of a sixteen-level enhancement would affect the defendant's substantial rights and the integrity of judicial proceedings, and the only question here is whether this imposition was in error. United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002).

An offense can be a 'crime of violence' either because it has the use of force against another as an element of the offense or because it fits within an enumerated list, which includes "forcible sex offenses". U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Under the "categorical approach" delineated by the U.S. Supreme Court in Taylor v. United States, 495 U.S. 575, 602 (1990) courts look "only to the fact of conviction and the statutory definition of the prior offense." In other words, "the statute of conviction, not the defendant's underlying conduct, is the proper focus." United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004)(en banc).[2]

---

[2] This court has held that if "a statute provides a list of alternative methods of commission . . . [the court] may look to the charging papers to see which of the various statutory alternatives are involved in the particular case." Calderon-Pena, 383 F.3d at 258. The amended information to which Meraz pled no contest is not part of the record; we therefore look only to the statute of conviction.

In <u>United States v. Sarmiento-Funes</u>, 374 F.3d 336, 339-45 (5th Cir. 2004), this court held that a violation of a Missouri sexual assault statute was not a crime of violence because "some (though not all) methods of violating the Missouri statute do not require the use of physical force against the victim."  In particular, the Missouri statute reached "intercourse to which the victim assents, though that assent is a legal nullity, such as when it is the product of . . . a judgment impaired by intoxication." <u>Id.</u> at 341.

Meraz was convicted of violating a Kansas statute, KAN. STAT. ANN. § 21-3518, that likewise provides for some methods of commission that do not require the use of force.[3]  In a recent unpublished opinion, we held that, under the reasoning of <u>Sarmiento-Funes</u>, a violation of § 21-3518 is not a crime of

---

[3] At the time of Meraz's offense, Kansas defined aggravated sexual battery as follows:

(a) Aggravated sexual battery is the intentional touching of the person of another who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another under any of the following circumstances:
(1) when the victim is overcome by force or fear;
(2) when the victim is unconscious or physically powerless;
(3) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by, or was reasonably apparent to, the offender.

KAN. STAT. ANN. § 21-3518 (2000)

violence. See United States v. Matute-Galdamez, No. 03-41728 (5th Cir. Oct. 6, 2004)(unpublished). Although Matute-Galdamez is an unpublished opinion and is not precedential, it is persuasive authority, see 5TH CIR. R. 47.5.4, and we adopt its reasoning and holding. Accordingly, we conclude that Meraz's prior conviction was not for a 'crime of violence' as defined by the guidelines. Thus, the district court erred in applying the sixteen-level enhancement.

Meraz also argues that any sentence above the two-year maximum of 8 U.S.C. § 1326(a) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because he did not admit the fact of his prior aggravated felony conviction. The Supreme Court held in Almendarez -Torres v. United States, 523 U.S. 224, 235 (1998), that 8 U.S.C. § 1326(b)(2), which increases the statutory maximum penalty to twenty years for aliens who reenter following deportation subsequent to an aggravated felony conviction, sets forth a sentencing factor and not a separate criminal offense. Therefore, none of the requirements of § 1326(b)(2), including the fact that the defendant has a prior aggravated felony conviction, need be alleged in the indictment nor proven as an element of the offense. Almendarez-Torres was not overruled by Apprendi. See Sarmiento-Funes, 374 F.3d at 346. Thus, this court has consistently rejected Meraz's position. See, e.g., Id. at 346 (citing United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

For the foregoing reasons, the defendant's sentence is VACATED and the case is REMANDED to the district court for resentencing.