**FILED**
**June 16, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32242-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUADALUPE AROUSA, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Guadalupe Arousa, Jr. appeals his convictions for possessing

methamphetamine, using drug paraphernalia, and failing to obey a law enforcement

officer. He contends (1) his trial counsel was ineffective in not raising a CrR 3.6

evidence suppression motion, and (2) the trial court erred in not allowing other-suspect

evidence. Mr. Arousa's pro se statement of additional grounds for review (SAG) states

his personal concerns on these two contentions, and additional concerns regarding the

sufficiency of the charging document, instructional error, and sufficiency of the evidence

related to his use of drug paraphernalia conviction. We affirm.

FACTS

Moses Lake Police Officer Kyle McCain saw Mr. Arousa wearing a backpack

while riding a bicycle. He radioed his sergeant, Brian Jones, to notify him he has seen a

Hispanic male matching the description of a rape suspect they were searching for in the area, then, when passing Mr. Arousa he notified the sergeant otherwise. Next, when Mr. Arousa saw the officer in his patrol car, he abruptly turned his bicycle and rode back in the direction from which he had just come. Officer McCain thought this behavior was suspicious and notified his sergeant. Sergeant Jones arrived and witnessed Mr. Arousa abruptly turn his bike around and ride against traffic in the opposite direction. Sergeant Jones decided to stop Mr. Arousa for riding his bicycle against traffic. Sergeant Jones related he frequently stops cyclists who ride against traffic because it is unsafe. The sergeant related he additionally wanted to ask Mr. Arousa if he had noticed an individual matching the rape suspect's description in the area.

When Sergeant Jones approached Mr. Arousa, he sped away. The sergeant followed and got close enough to roll down his window and tell Mr. Arousa to stop. Mr. Arousa told Sergeant Jones to "fuck off." Report of Proceedings (RP) at 138. The sergeant told Mr. Arousa to stop, but Mr. Arousa cut in front of the sergeant's vehicle, continued down the street, turned into a driveway, threw down his bike, and ran away. The officers pursued Mr. Arousa on foot. As Mr. Arousa rounded the corner of a trailer, Sergeant Jones saw him put his hand in his front right pocket, "digging" in the pocket, and make a throwing gesture with his hand. RP at 147.

Mr. Arousa quit running soon after making his throwing motion. The officers then caught, arrested, and handcuffed him. Officer McCain stayed with Mr. Arousa while Sergeant Jones searched the area where he saw Mr. Arousa make the throwing motion.

2

The Sergeant found a bag of methamphetamine sitting on top of easily movable foliage. The bag would have likely fallen to the ground had it been there longer. During the search incident to Mr. Arousa's arrest, the officers found a glass smoking device consistent with the inhalation of methamphetamine in one of his back pockets. The residue in the pipe tested positive for methamphetamine.

The State charged Mr. Arousa with possession of methamphetamine, use of drug paraphernalia, and failure to obey a law enforcement officer. Pretrial, Mr. Arousa objected to the sufficiency of the information and requested a bill of particulars for the use of drug paraphernalia charge, claiming he could not prepare his defense because the information listed multiple ways he could have used drug paraphernalia. The court denied his request, finding Mr. Arousa would be able to prepare his defense following discovery and a bill of particulars was not needed at that time. Mr. Arousa sent multiple letters to the court, partly complaining about his attorney's decision not to pursue a CrR 3.6 suppression motion, and asking for a new lawyer. Mr. Arousa's counsel filed a 25 page memorandum explaining his decisions and pointing out an in-car video clearly showed the events, including the throw-down behavior and arrest:

> [D]efense counsel finds no basis for a suppression motion. The initial attempt to stop appears to have been supported by articulable suspicion of a traffic infraction. The subsequent arrest was supported by probable case [sic] that defendant committed a gross misdemeanor in the officer's presence. And the search was justified as a search incident to arrest. Defense counsel respectfully finds that any contentions as to racial profiling or pretextual stop are without merit.

3

Clerk's Papers (CP) at 52. The court denied Mr. Arousa's request for a new lawyer.

At trial, when questioning Sergeant Jones Mr. Arousa wanted to introduce evidence of the drug use history of the individual who lived at the trailer near where the methamphetamine was found and the drug use history of individuals who visited the trailer. The court denied his request, finding such evidence speculative, but allowed Sergeant Jones to testify he knew the individual who lived at the home was Kimberly Hughes and that the officer did not know where Mr. Arousa lived at the time of the stop. Mr. Arousa unsuccessfully requested dismissal of the use of drug paraphernalia charge at the close of the State's case. Mr. Arousa did not present a defense.

Regarding the use of a drug paraphernalia charge, the court instructed the jury, "A person commits the crime of use of drug paraphernalia when he or she uses drug paraphernalia to plant; propagate, cultivate, grow, harvest, manufacture, compound, convert, produce; process, prepare, test, analyze, pack, repack, store, contain, conceal; inject, ingest, inhale or otherwise introduce into the human body a controlled substance." CP at 169. The court did not give a unanimity instruction. The jury found Mr. Arousa guilty as charged. He appealed.

## ANALYSIS

### A. Ineffective Assistance of Counsel Claim Fails

The issue is whether Mr. Arousa was denied effective assistance of counsel. He claims his counsel was ineffective for failing to request a CrR 3.6 suppression hearing.

4

To demonstrate ineffective assistance of counsel, appellant must show: "(1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. MacFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We presume effective representation. *State v. Hendrickson*, 129 Wn.2d 61, 77, 917 P.2d 563 (1996). This presumption can be overcome by a showing counsel's "representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004). "A failure to establish either element of the test defeats the ineffective assistance of counsel claim." *Id.*

Defense counsel's decision not to pursue a written CrR 3.6 motion to suppress was reasonable. At Mr. Arousa's insistence, his counsel interviewed Sergeant Jones and aggressively questioned him about the purpose of the stop. Sergeant Jones consistently asserted he stopped Mr. Arousa to address his illegal and unsafe cycling and to question him about the rape suspect officers were looking for in the area. As discussed below, counsel researched relevant case law for guidance, and decided such stops were not pretextual under the facts. The tactical and strategic decisions concerning the case defense are well supported in his counsel's pretrial memorandum. Based on this record, the decision to not request suppression did not amount to

5

deficient performance. Even assuming defense counsel's representation was deficient, the representation did not prejudice Mr. Arousa because a CrR 3.6 motion would likely have been denied.

A traffic stop is not unconstitutionally pretextual so long as there is an investigation of either criminal activity or a traffic infraction for which the officer has a reasonable articulable suspicion. *State v. Chacon Arreola*, 176 Wn.2d 284, 298, 290 P.3d 983 (2011). In *Arreola*, our Supreme Court held a traffic stop motivated primarily by an uncorroborated tip "is not pretextual so long as the desire to address a suspected traffic infraction (or criminal activity) for which the officer has a reasonable articulable suspicion is an actual, conscious, and independent cause of the traffic stop." *Id.* at 288. In *Arreola*, the officer's primary motivation in pulling the defendant's car over was to investigate a reported DUI (driving while under the influence). *Id.* at 289. But, because his secondary motivation, the car's altered exhaust in violation of RCW 46.37.390, was an actual reason to stop the defendant, the stop was not pretextual. *Id.* at 299-300.

Here, two valid, independent reasons for the stop existed: bicycling against traffic under RCW 46.61.755; and investigating a nearby rape. No pretext is shown. Thus, a motion to suppress would not have been granted based on the evidence in our record. Therefore, without a showing that, except for counsel's unprofessional errors, the result of the proceeding would have been different, Mr. Arousa cannot establish prejudice. "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would

6

disserve the very goal of vigorous and effective advocacy. Nothing in the Constitution or our interpretation of that document requires such a standard." *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). Given all, we conclude Mr. Arousa's ineffective assistance of counsel claim fails.

## B. Evidence Rulings

The issue is whether the trial court erred by abusing its discretion in excluding evidence of Ms. Hughes' alleged prior drug use and the alleged drug use of individuals who visited Ms. Hughes' trailer near to where the controlled substance was found.

We review a trial court's evidentiary rulings for abuse of discretion. *State v. McDonald*, 138 Wn.2d 680, 693, 981 P.2d 443 (1999). Similarly, we review a trial court's ruling on the scope of cross-examination for abuse of discretion. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). A trial court has "broad discretion in ruling on evidentiary matters and will not be overturned absent manifest abuse of discretion." *Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 662-63, 935 P.2d 555 (1997). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

"[A] criminal defendant 'does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *State v. Drummer*, 54 Wn. App. 751, 755, 775 P.2d 981 (1989) (quoting *Illinois v. Taylor*, 484 U.S. 400, 410, 108 S. Ct. 646 (1988)). ER 404(a) states, "Evidence of a

person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Further, ER 404(b) states, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Mr. Arousa sought to admit evidence of Ms. Hughes' alleged drug use and speculative evidence of other individuals' drug use who might have visited her trailer as evidence of other crimes or wrongs offered to prove conformity on this occasion. Mr. Arousa wanted to show that people on the property had possessed drugs in the past and thus, the jury could infer that they were more likely to be the ones who discarded the methamphetamine found in the bushes. This is clearly barred by ER 404(a) and (b). There was no other purpose for the evidence other than conformity.

Moreover, "when a defendant seeks to introduce evidence connecting another person with the charged crime, a proper foundation [is required]. 'Before such testimony can be received, there must be such proof of connection with the crime, such a train of facts or circumstances as tend clearly to point out someone besides the accused as the guilty party.'" *State v. Clark*, 78 Wn. App. 471, 477, 898 P.2d 854 (1995) (quoting *State v. Downs*, 168 Wash. 664, 667, 13 P.2d 1 (1932)). In *Clark*, the court held, "[T]he defendant cannot attempt to rebut the State's case with insufficient evidence that someone else committed the crime." *Id.* at 479.

Mr. Arousa did not point to a specific visitor who might have dropped the drug. Evidence showed Mr. Arousa was seen making a throwing motion after taking his hand

8

out of his right pocket and the bag of methamphetamine was found where it would have been had Mr. Arousa thrown it at that time. The bag was found on top of movable foliage and unlikely to have been there for very long. Mr. Arousa had a pipe in his pocket containing methamphetamine residue, and he stopped running away shortly after he had made the throwing motion after refusing to stop several times previously. No evidence showed other individuals in the area. Without a similarity between the actual evidence and the circumstantial evidence offered by Mr. Arousa, the court properly excluded the evidence.

Even if the trial court abused its discretion in excluding the evidence, it is not reasonably probable the outcome of the trial was materially affected by the exclusion. Evidentiary errors under ER 404 are harmless unless the error, within reasonable probabilities, affected the outcome of the trial. *State v. Gresham*, 173 Wn.2d 405, 433, 269 P.3d 207 (2012). Given the strength of the State's case, it is unlikely the outcome of Mr. Arousa's trial has been any different. Thus, any error is harmless.

### C. SAG

To the extent the SAG raises concerns adequately addressed by Mr. Arousa's appellant counsel and discussed above, we do not review them again in the SAG context. *See* RAP 10.10(a) (purpose of SAG is to "discuss those matters related to the decision under review *that* the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel"). We turn now to Mr. Arousa's pro se concerns regarding the charging document, unanimity, and evidence insufficiency.

9

First, Mr. Arousa argues the information alleging multiple ways violate the drug paraphernalia use statute was constitutionally insufficient. A defendant has a constitutional right to be informed of the nature and cause of the charges against him. *State v. Greathouse*, 113 Wn. App. 889, 899-900, 56 P.3d 569 (2002) (citing WASH. CONST. article 1 § 22; United States Constitution, Sixth Amendment.) Under the essential elements rule, a charging document must allege facts supporting every element of the offense, in addition to adequately identifying the crime charged. *State v. Leach*, 113 Wn.2d 679, 689, 782 P. 2d 552 (1989).

We distinguish between charging documents that are constitutionally insufficient (i.e., documents that fail to allege sufficient facts supporting each element of the crime charged) and those that are merely vague. *Leach*, 113 Wn.2d at 686. Mr. Arousa preserved this issue for appeal by requesting a bill of particulars. *See State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985) ("a defendant is not entitled to challenge the information on appeal if he failed to request the bill of particulars at an earlier time."). We review a trial court's ruling on a bill of particulars for abuse of discretion. *State v. Allen*, 116 Wn. App. 454, 460, 66 P.3d 653 (2003).

The information states Mr. Arousa "did use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance, to-wit-Amphetamine; contrary to Revised Code of Washington 69.50.412(1)." CP at 2. In an information, it is

sufficient to charge in statutory language if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation. *Leach*, 113 Wn.2d at 686.

Here, the information mirrors RCW 69.50.412(1). The information lists several ways to use drug paraphernalia, but the paraphernalia seized was a methamphetamine pipe, which is used for inhalation. Since residue was still in the pipe when it was located, the pipe would "contain" methamphetamine. RCW 69.50.412(1). Therefore, because the information patterns the statutory offense and because all facts relied upon by the State were revealed to the defense, the charging document was sufficient. "No bill of particulars is required if the particulars are already in the charging document." *State v. Turner*, 167 Wn. App. 871, 879, 275 P.3d 356 (2012). Thus, the court had tenable grounds to deny Mr. Arousa's request for a bill of particulars.

Second, we acknowledge Mr. Arousa's unanimity concern and review de novo whether a unanimity instruction is required. *State v. Linehan*, 147 Wn.2d 638, 643, 645, 56 P.3d 542 (2002). Because the failure to give a unanimity instruction is an error of constitutional magnitude, Mr. Arousa may raise the issue for the first time here. *State v. Locke*, 175 Wn. App. 779, 802, 307 P.3d 771 (2013), *review denied*, 179 Wn.2d 1021 (2014). For a defendant's conviction to be constitutionally valid, a unanimous jury must conclude the accused committed the criminal act charged. *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988). When multiple incidents are alleged, any one of which

11

could constitute the crime charged, the jury must unanimously agree on which incident constitutes the crime. *Id.*

In deciding this question, we view the facts in a common sense manner. *State v. Petrich*, 101 Wn.2d 566, 571, 683 P.2d 173 (1984). Our facts demonstrate the paraphernalia was a pipe with methamphetamine residue. A bag of methamphetamine was discarded nearby. The prosecutor elected two uses in closing argument, contain and inhale: "There's [sic] a lot of ways that this crime, you could manufacture it, you could harvest it, you could cultivate it, you can test it, you can pack it. The two that I would like you to pay attention to are near the end, they're contain and inhale." RP at 260. In *State v. Bland*, 71 Wn. App. 345, 352, 860 P.2d 1046 (1993), the court held closing argument identifying a particular act for each count supported conclusion that the State made an election. At no point did the State argue the jury could base its verdict on any other use. Based on our facts, a unanimity instruction was not required.

Third, Mr. Arousa argues insufficient evidence supports his use of drug paraphernalia conviction. He unsuccessfully made the same argument to the trial court. A trial court's order denying a motion to dismiss is reviewed for a manifest abuse of discretion. *State v. Hanna*, 123 Wn.2d 704, 715, 871 P.2d 135 (1994).

Evidence is sufficient to support a conviction where, "'after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.'*" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319,

99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Evidentiary inferences favoring the defendant are not considered in a sufficiency of the evidence analysis. *State v. Jackson*, 62 Wn. App. 53, 58 n. 2, 813 P.2d 156 (1991). Nor do we review a jury's credibility determinations on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Circumstantial evidence can support a conviction. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). "In determining the sufficiency of the evidence, circumstantial evidence is not to be considered any less reliable than direct evidence." *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Circumstantial evidence may be used to prove any element of a crime. *State v. Garcia*, 20 Wn. App. 401, 405, 579 P.2d 1034 (1978).

To convict for unlawful use of drug paraphernalia, the State must prove beyond a reasonable doubt the person has used "drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance other than marijuana." RCW 69.50.412(1).

Here, officers found a glass smoking pipe in one of Mr. Arousa's back pockets. The smoking device was consistent with the inhalation of methamphetamine. Residue

13

of methamphetamine was in the pipe. Methamphetamine was located in a place Mr.

Arousa dug into his pocket and made a throwing gesture. Viewing the evidence in the

light most favorable to the State, and being mindful that circumstantial evidence is as

reliable as direct evidence, sufficient evidence exists to support Mr. Arousa's use of

drug paraphernalia conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.