[No. 28663. Department One. July 6, 1942.]

THE STATE OF WASHINGTON, *Respondent,* v. THEODORE N. RUSH, *Appellant.*[1]

*Clinton & Southard,* for appellant.

*Lowell B. Vail* and *James F. Wickwire,* for respondent.

MILLARD, J.—The defendant was charged by information with the crime of assault in the second degree. From sentence and judgment on the verdict of guilty, the defendant appealed.

Counsel for appellant first contend that the state

[1]Reported in 127 .P(2d) 411.

failed to prove commission by appellant of the crime charged.

The prosecuting witness testified that appellant, when not distant more than four feet from him, menaced the prosecuting witness with a pocket knife, which had one sharp blade three and one-fourth inches long, after he refused to accede to the request of appellant for a loaf of bread off the truck which he was operating; that appellant threatened to cut the throat of the prosecuting witness. The prosecuting witness proceeded to deliver the bread at the store in front of which the threat was made. When this witness returned, appellant was walking down the street. Another witness testified that the knife of the appellant was long-bladed; that the appellant was flipping the blade with his fingers as he proceeded along the street for a distance of probably fifty feet, immediately following the assault. Three or four hours later the appellant was taken into custody.

The charge on which appellant was convicted is based upon subd. 4 of Rem. Rev. Stat., § 2414 [P. C. § 8759], which reads as follows:

"Every person who, under circumstances not amounting to assault in the first degree— . . . (4) Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm; . . . shall be guilty of assault in the second degree . . ."

We are committed to the rule that an assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented. Within this definition, one would be guilty of assault, if he raised his hand in anger with an apparent purpose to strike and sufficiently near to enable the purpose to be carried into effect. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P.

(2d) 681. Whether there has been an assault in a particular case, depends more on the apprehension created in the mind of the person assaulted than upon the undisclosed intention of the person committing the assault. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P. (2d) 681.

██ The evidence adduced by the state sustains the verdict of the jury that appellant menaced the prosecuting witness with a dangerous weapon with the apparent present ability to inflict grievous bodily harm upon the prosecuting witness; hence, appellant is guilty of the crime of assault in the second degree. We held in *State v. Shaffer*, 120 Wash. 345, 207 Pac. 229, that one who menacingly pointed an apparently loaded revolver at another within range of that weapon was guilty of second degree assault "with a weapon . . . likely to produce bodily harm" within Rem. Rev. Stat., § 2414, subd. 4, although the gun was not, in fact, loaded. The case at bar, on principle, is indistinguishable from the case cited.

[3] The assignment that the trial court erred in permitting the state to recall the prosecuting witness for further examination is without merit. The order in which the evidence should be adduced is within the discretion of the trial court, and in the case at bar there was not an abuse of that discretion. When the prosecuting witness was recalled, he did not repeat the testimony he had formerly given; he testified, when recalled, respecting his apprehension that the appellant intended to cut him with the knife. It was nothing more than additional testimony as to the elements necessary to be proved by the state to establish the assault, all of which were not shown on the first examination of the witness.

The judgment is affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.