[No. 35128.   Department Two.   April 14, 1960.]

THE STATE OF WASHINGTON, *Respondent,* v. FRED WILLIAM JAMES, *Appellant.*[1]

*Henry Opendack,* for appellant.

*Charles O. Carroll* and *Frank L. Sullivan,* for respondent.

[1]Reported in 351 P. (2d) 125.

Rosellini, J.—The appellant was charged in superior court with the crime of assault in the second degree. On trial, he admitted that he went into his estranged wife's bedroom late at night, intending to cut off her hair (according to an "old country" custom of disgruntled husbands); that he held an ether-soaked rag over her face, and when she resisted him, put his hand over her throat and hit her twice with his fist. He was found guilty of assault in the third degree.

The court instructed the jury that in order to convict the defendant of the crime of assault in the second degree, the state must prove beyond a reasonable doubt that the defendant assaulted the complaining witness and willfully inflicted grievous bodily harm upon her person. The appellant does not complain of this instruction, which was phrased substantially in the words of the applicable statute, RCW 9.11.020 (3).

There is but one assignment of error, and this pertains to the giving of the court's instruction No. 1-A:

"If you find every essential element beyond a reasonable doubt but do not so find as to either:

"1. That grievous bodily harm was in fact inflicted; or

"2. That, if inflicted, such result was intended, then you should find defendant guilty of assault in the third degree."

It is appellant's contention that this instruction was confusing, because the jury asked that it be clarified. The first question by the jury was: "What is 3rd degree assault? Must there be an intent to do bodily harm to be guilty?" To this question, the court answered, "No." In answer to the next question, "If there is assault and it is not 2nd degree, is it automatically 3rd degree?" the court said, "No, unless assault as defined by the instruction #4 is proved beyond a reasonable doubt."

The complete answer to the appellant's contention is that if the instruction complained of was confusing, the confusion was dispelled by the court's clarification. Instruction No. 4 defines assault:

"An assault is an attempt to unlawfully use force or inflict bodily injury on another, accompanied with apparent

present ability to give effect to the attempt if not prevented."

This language is substantially the language approved by this court in *State v. Evans*, 32 Wn. (2d) 278, 201 P. (2d) 513; *State v. Rush*, 14 Wn. (2d) 138, 127 P. (2d) 411; and *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P. (2d) 681.

As we pointed out in *State v. Rush, supra,* whether there has been an assault in a particular case depends more on the apprehension created in the mind of the victim than upon the undisclosed intention of the assailant.

RCW 9.11.030 provides:

"Every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third. degree . . ."

The jury was told that if it found that an assault was committed, but that it did not result in grievous bodily harm, then the appellant should be found guilty of assault in the third degree. This is precisely in accord with the statute, and the verdict indicates that the instructions were fully understood. Considering the admitted acts and intentions of the appellant, it was the only verdict possible if the jury found him innocent of assault in the second degree.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.