[No. 5468-0-II. Division Two. May 5, 1983.]

THE STATE OF WASHINGTON, *Appellant*, v. DENNIS MAURER, ET AL, *Respondents*.

*C. Danny Clem, Prosecuting Attorney,* and *Gregg E. Johnsen* and *Linda Krese, Deputies,* for appellant.

*Richard L. Peterson* and *J. Steven Thomas,* for respondents.

WORSWICK, J.—The State appeals dismissal without prejudice of second degree assault charges filed against both parents of two child victims. The trial court granted defendant's motion to dismiss having concluded that, as a matter of law, the facts set forth in the State's bill of particulars were insufficient to establish an assault as charged. We reverse and, answering the State's assignments of error, we hold:

1. That a trial court has inherent power to dismiss criminal charges before trial without prejudice if, but only if, it is clear on the State's pleadings that the State cannot make a factual issue on each element of the crime charged;

2. That a bill of particulars is part of the State's pleadings for purposes of pretrial factual consideration of what the State expects to prove;

3. That in a prosecution for second degree assault with a weapon likely to produce bodily harm, the State need not show a thrusting or pointing of a weapon if other evidence,

considered in light of the facts of the incident, raise a factual issue that a defendant's conduct amounts to "violence begun."

The State filed an information in this case the charging portion of which reads:

He, the said DENNIS MAURER and she the said KAREN MAURER, in the County of Kitsap, State of Washington, on or about the 14th day of September, 1980, knowingly assaulted another with a weapon or other instrument or thing likely to produce bodily harm, contrary to the Revised Code of Washington, 9A.36.020(1)(b) and (1)(c) and/or acted as an accomplice thereto.[1]

On defendants' motion, the court ordered and the State supplied a bill of particulars, the substance of which reads:

In response to defendants' request for a bill of particulars, the State sets forth the following facts which it expects the testimony to show:

On September 14, 1980, Dennis Mauer [sic] told [victim], age 9, and [victim], age 6, that he was going to cut off their hands. [Victims] were then taken to a basement room by Karen Mauer [sic] and Dennis Mauer [sic]. Once in that room Dennis Mauer [sic] sharpened a butcher knife in front of [victims], placed a piece of wood on a chopping block and split it with the knife.

Dennis Mauer [sic], while holding the knife, told [victims] to put their hands on the chopping block—saying that he was going to cut their hands off but that the first person to put his hands on the chopping block would be able to save one hand.

Karen Mauer [sic] acted as an accomplice to this act by pushing [victims] to a position directly in front of the chopping block. Both [victims] were crying and upset

---

[1]RCW 9A.36.020(1)(b) and (c) provide:

"Assault in the second degree. (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; . . ." Subsection (1)(b) is clearly not applicable here.

throughout this incident and had a reasonable apprehension that they were about to suffer grevious [*sic*] bodily injury.[2]

Defendants moved to dismiss the charges contending that, to constitute assault, there must be an attempt to inflict bodily injury on another. Defendants argued that, even assuming the truth of the facts described in the bill, since there is no allegation of an overt attempt to inflict bodily harm, the facts were insufficient to establish assault. The State conceded it did not think the parents intended to cut off the victims' hands[3] but argued it was sufficient if they threatened to do so knowing they would scare the children. The State argued that there was sufficient evidence of "violence begun." The court granted the motion and dismissed the charges without prejudice.

The State contends the court erred procedurally. It argues that, because there is no statute or rule permitting the court to dismiss a charge in this way before trial, the court was without power to do so. We disagree.

■ Although it is true that no statute or rule authorizes the specific action the court took here,[4] it does not follow

---

[2]The children's names have been deleted.

[3] "THE COURT: Is your evidence—or your Bill of Particulars doesn't describe how he held the knife. What does your evidence indicate?

"Ms. KRESE: [prosecutor] I am not entirely certain as to exactly how he held the knife. My evidence does not indicate the manner in which he held the knife. I do not think he held it in—as Mr.—in a motion toward the children, in that sense of thrusting toward them, but it was demonstrated so that the children could see it at the time he was saying this.

"THE COURT: He wasn't holding it over the chopping block?

"Ms. KRESE: I can't say that he was holding it like this over the chopping block. I know I had it. He was standing right by the chopping block and that he was holding the knife in his hand."

[4]Respondent contends that CrR 8.3(b) gives the court specific authority to grant such a motion. That rule provides:

**On Motion of Court.** The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

Although the language is broad and sweeping, our Supreme Court has consistently held that it applies only upon a showing of government misconduct or

that the court was powerless to act. The sufficiency of a charge may be challenged in a proper case by a motion to dismiss (*State v. Morton,* 83 Wn.2d 863, 523 P.2d 199 (1974)), and the trial court has inherent power to dismiss for insufficiency of the charge. *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956). Indeed, a trial court has inherent power in a proper case to dismiss on the State's opening statement. *State v. Gallagher,* 15 Wn. App. 267, 549 P.2d 499 (1976). However, the trial court cannot presume to resolve factual issues if the charge is sufficient on its face. *See State v. Maloney,* 1 Wn. App. 1007, 465 P.2d 692 (1970). As we said in *Gallagher,* "when some fact is clearly stated or admission is expressly made, leaving only an isolated and determinative issue of law, the court may resolve that issue." *Gallagher,* 15 Wn. App. at 270. In our view, this rationale underlies the inherent power of the court when it is confronted with any pretrial factual challenge. We therefore hold that if the State's pleadings clearly put the case in the posture of an isolated and determinative issue of law, the trial court has the power to rule on that issue. If a proper ruling requires dismissal, the court is empowered to dismiss, but without prejudice.

The State next contends that the information was sufficient and that the court erred in considering the bill of particulars. It seems to take the position that the bill is only an informal means of assisting a defendant in framing a defense and has no formal significance. We disagree.

CrR 2.1 requires the information to be a plain, concise and definite statement of the essential facts constituting the offense charged. Even where the information charges a crime in the language of a statute, it may be so

arbitrary action. *State v. Dailey,* 93 Wn.2d 454, 610 P.2d 357 (1980); *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). Because we conclude there is ample case authority supporting the court's power to act in these circumstances, we do not reach the question of whether insistence by the State on proceeding in the face of clear inability to make a jury issue constitutes arbitrary action thus permitting the trial court to invoke this rule.

vague as to particulars as to render it subject to a motion for a more definite statement. *See State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982); *In re Richard,* 75 Wn.2d 208, 449 P.2d 809 (1969); *State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968). If so, the defendant is entitled to a bill of particulars. Although the bill is not physically a part of the information, it is intended to amplify it and to aid the defendant in the preparation of a proper defense. *See State ex rel. Nugent v. Lewis,* 21 Wn. App. 779, 586 P.2d 500 (1978), *rev'd on other grounds,* 93 Wn.2d 80, 605 P.2d 1265 (1980). *See also State v. Dix,* 33 Wash. 405, 74 P. 570 (1903). It follows, and we hold, that a bill of particulars is an integral part of the State's pleadings by which the trial court can determine, before trial, all the State expects to prove.

Finally, the State contends that the facts described in the bill were sufficient to make a jury issue on all the elements of the charge. We agree and, for this reason, we reverse.

There is potential for confusion in this area of the law because of the Legislature's failure to define the word "assault."[5] The courts have been required to supply the missing definition. The usual response has been to define assault only generally as "an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with apparent present ability to give effect to the attempt if not prevented." *State v. Jimerson,* 27 Wn. App. 415, 418, 618 P.2d 1027 (1980). Occasionally, however, the decisions have stressed the apprehension created in the victim, noting,

---

[5]Code of 1881, § 805 provided:

An assault is an attempt in a rude, insolent and angry manner, unlawfully to touch, strike, beat or wound another person, coupled with a present ability to carry such attempt into execution, and every person convicted thereof, shall be fined . . .

The 1881 code also defined assault and battery as the unlawful beating of another. Code of 1881, § 808. These definitions were not included in the 1909 revision. The present statute is substantially unchanged from 1909. The confusion is compounded by the fact that assault is described, in some sections of the statute, as the actual infliction of injury which, at common law, was a battery (*see, e.g.,* RCW 9A.36.020(1)(b)).

importantly, that such apprehension must be reasonable. *See State v. Rush,* 14 Wn.2d 138, 127 P.2d 411 (1942); *State v. Strand,* 20 Wn. App. 768, 582 P.2d 874 (1978); *State v. Murphy,* 7 Wn. App. 505, 500 P.2d 1276 (1972). Some decisions have also pointed out that apprehension is based on the apparent—not necessarily the actual—power of a defendant to inflict injury. *See State v. Johnson,* 29 Wn. App. 807, 631 P.2d 413 (1981); *State v. Thompson,* 13 Wn. App. 1, 533 P.2d 395 (1975).

Not until *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972) did the courts of this state consider the origins of common law assault from which any nonstatutory definition must be derived. Quoting *United States v. Rizzo,* 409 F.2d 400, 403 (7th Cir.), *cert. denied,* 396 U.S. 911, 24 L. Ed. 2d 187, 90 S. Ct. 226 (1969), *Frazier* noted that there were two concepts of common law assault:

> One concept is that an assault is an attempt to commit a battery. There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of danger. Apprehension on the part of the victim is not an essential element of that type of assault. . . .
>
> The second concept is that an assault is "committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm." The concept is thought to have been assimilated into the criminal law from the law of torts. It is usually required that the apprehension of harm be a reasonable one.

*Frazier,* 81 Wn.2d at 631. *See also State v. Strand, supra.*

From this review we conclude that, to analyze the factual elements of assault where no definition appears in the statute, we first must classify it into one of these historical categories. The charge here plainly falls into the second category in which the victim's apprehension is the gravamen of the offense. With this in mind, we must next consider, *upon the unique circumstances of the incident,* whether the evidence is sufficient to make a factual issue on each element of the offense charged.

Upon the facts outlined in the bill of particulars, the State would be able to show here that defendants gave the victims to believe (a) that injury was about to be inflicted; (b) with unlawful force; and (c) that there was apparent present ability to give effect to an attempt to inflict such injury. The questionable element was the "attempt" itself; the trial court felt that an overt act, such as a thrusting of the knife, was required and, lacking this, the State's case could not reach the jury. We disagree.

An overt act, or "violence begun" must, indeed, be shown in order to establish an "attempt" to injure *as opposed to mere threats. See State v. Murphy, supra.* However, because the gravamen of this category of assault is the victim's apprehension which can be induced by overt acts other than the classic thrusting of a knife or pointing of a gun, the nature of a defendant's physical behavior must be considered in light of the apprehension it reasonably can be expected to create. If there is physical conduct, as opposed to mere threats, which, in the unique circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent, the requirement of an "attempt" is satisfied.

Here, the bill of particulars identified such conduct sufficiently. After preliminary words and the sharpening, testing and display of the knife, the victims were physically pushed toward the chopping block. From this, the trier of fact could infer that such pushing reasonably induced apprehension on the part of these children that harm was imminent.

Reversed.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied June 3, 1983.