**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74062-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER THOMAS ACKLEY, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 19, 2016 |
| | ) | |

LEACH, J. — Christopher Ackley appeals his conviction for second degree assault with a deadly weapon. He challenges the trial court's refusal to instruct the jury on self-defense and admit evidence related to self-defense. The record contains no evidence that Ackley ever formed a subjective belief that he needed to use force that would otherwise be unlawful. Because the record lacks evidence to support this element of self-defense, Ackley was not entitled to a self-defense jury instruction.

Because the record does not contain sufficient evidence to support an element of Ackley's self-defense theory, any evidence offered to support other elements of that theory is not relevant and was properly excluded.

We affirm.

## FACTS

### Substantive Facts

The following personal history led to the charged crime. Christopher Ackley's wife and James ("Jimmy") O'Connor are cousins. O'Connor believed that Ackley's wife had an affair with O'Connor's brother-in-law when Ackley was away in California. O'Connor discussed his belief with his sister, his mother, and Ackley's wife. Ackley was angry that O'Connor had these discussions with the family.

On two occasions, Ackley drove by O'Connor's home and threw firecrackers from the car. On another occasion, Ackley egged the O'Connors' car while it was parked in their driveway.

On May 15, 2014, O'Connor and his wife were out walking. Ackley was driving through the neighborhood with his daughter in the backseat when he spotted O'Connor. As he drove by, Ackley yelled "Suck it, bitch." Ackley then pulled his car perpendicular to the street, blocking traffic, and got out of the car.

According to O'Connor, when Ackley got out of the car he reached in his pocket and pulled out a knife, which he pointed or waved at O'Connor. O'Connor claims that Ackley walked toward him, saying, "I will slice you open, bitch." O'Connor put his wife, Angie O'Connor, behind him and told her to run and call 911. O'Connor asked Ackley why he had a knife and what he was going to do

with it. When O'Connor saw Angie on another corner with two bystanders, talking on the phone, he told Ackley that the police were on the way. Ackley returned to his car and drove away.

According to Ackley, after he had yelled out the car window at O'Connor, he saw O'Connor holding up his hands in a gesture that he interpreted to mean, "[C]ome on back, we'll talk." Ackley testified that when he stepped out of his car, "Jimmy O'Connor pulled his hands down rather quickly and pulled his shirt up or started to pull his shirt up, and what flashed through my mind, I grew up in L.A., California, and it flashed on me that this could turn into a bad situation, and I thought he was going to pull a gun on me."

Ackley claimed that because he felt he was in danger, he pulled out his knife: "[M]y hand went from my pocket, and I snapped my knife out, and I held it down by my leg." He claimed, "I didn't know what I was going to do with it, but . . . my only thought was, oh my gosh, I'm in a bad situation."

Ackley claims that once he realized that O'Connor did not have a gun, he didn't believe he needed a knife. So he closed his knife, walked back to the car, and tossed the knife on the driver's seat. He claims he took a few steps back toward O'Connor and asked if he wanted to talk about something and when O'Connor asked him to leave, he did.

Officer Chantelle VanDyk responded to the police call and spoke with the O'Connors about the incident. Officer VanDyk accompanied the O'Connors home and then went to Ackley's home to investigate. Ackley was exiting through his garage door when Officer VanDyk arrived. Ackley told Officer VanDyk that he had done something stupid, and he tried to show her threatening text messages sent by O'Connor a few months earlier. Officer VanDyk refused to look at the messages because she did not believe they were relevant to the assault allegation.

## Procedural Facts

The State charged Ackley with second degree assault with a deadly weapon. At trial, the defense offered evidence of a threatening phone message that Ackley received from O'Connor at least a month before the assault. The trial court reserved ruling on the admissibility of the message until Ackley succeeded in producing evidence to support a self-defense claim. When the court later concluded that Ackley had not introduced sufficient evidence to support a self-defense theory, it decided that the message was not relevant.

Ackley submitted proposed jury instructions on self-defense. The trial court refused to give the instructions. It concluded,

> Number one, Mr. Ackley did not use force when he held the knife down next to his leg, and it's very difficult for me to see that my reasonable juror could find that he was presented with a need to protect himself simply by Mr. Connor's pulling on his shirt.

And I do read RCW 9.41.270 to require a use of presently threatened unlawful force, or use of unlawful force, and we don't have that here. What we have is Mr. Ackley's testimony that Mr. O'Connor pulled up on his shirt in a way that Mr. Ackley felt demonstrated the fact that he might have a gun under there simply because of—apparently Mr. Ackley's experience in L.A. So this is not a self-defense case either for the unlawful display of a weapon or for the Assault in the Second Degree.

The jury found Ackley guilty as charged. Ackley appeals.

## STANDARD OF REVIEW

The standard an appellate court uses to review a trial court's refusal to instruct the jury on self-defense depends on the trial court's reasons for its decision.[1] We review a refusal based on a matter of law de novo.[2] We review a refusal based on a factual dispute for abuse of discretion.[3] The sufficiency of evidence to raise a claim of self-defense presents a matter of law.[4] Because the trial court found insufficient evidence supported Ackley's self-defense theory, we review its decision de novo.

## ANALYSIS

### Sufficiency of the Evidence

Ackley claims the trial court should have instructed the jury on self-defense. A defendant has a constitutional right to "'a meaningful opportunity to

---

[1] State v. Read, 147 Wn.2d 238, 243, 53 P.3d 26 (2002).
[2] State v. Walker, 136 Wn.2d 767, 772, 966 P.2d 883 (1998).
[3] Walker, 136 Wn.2d at 771-72.
[4] State v. Janes, 121 Wn.2d 220, 238 n.7, 850 P.2d 495 (1993).

present a complete defense.'"[5] Consistent with this right, a defendant is entitled to have the jury instructed on his theory of the case where the law and evidence support it.[6]

To decide if sufficient evidence warrants instructing the jury on self-defense, a trial court reviews the entire record in the light most favorable to the defendant.[7] The defendant may rely on evidence that is inconsistent with his own testimony.[8] If some evidence supports all elements of self-defense, then the court must instruct the jury on self-defense.[9] Thus, to get a self-defense instruction Ackley must show that the record includes "some evidence" to establish the assault occurred in "circumstances amounting to defense of life and produce some evidence he . . . had a reasonable apprehension of great bodily harm and imminent danger."[10] In determining whether a defendant has produced sufficient evidence to show reasonable apprehension of harm, the court uses a subjective analysis, putting itself in the shoes of the defendant and considering all the facts and circumstances known to him.[11] The court must also determine

---

[5] Holmes v. South Carolina, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (internal quotation marks omitted) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)).
[6] State v. May, 100 Wn. App. 478, 482, 997 P.2d 956 (2000).
[7] State v. Callahan, 87 Wn. App. 925, 933, 943 P.2d 676 (1997).
[8] Callahan, 87 Wn. App. at 933.
[9] Walker, 136 Wn.2d at 772-73.
[10] Read, 147 Wn.2d at 242.
[11] Walker, 136 Wn.2d at 772.

whether the defendant's reaction was objectively reasonable.[12]  We affirm the trial court's self-defense decision because the record contains no evidence that Ackley ever formed a subjective belief that he needed to use force that would otherwise be unlawful.

Ackley cannot deny using force and also claim that he subjectively felt the need to use that force.  In State v. Aleshire,[13] the Supreme Court concluded that "[o]ne cannot deny that he struck someone and then claim that he struck them in self-defense."  Washington courts have repeatedly applied this reasoning.[14]  To apply Aleshire's reasoning again here, we must first consider if Ackley's own account of his conduct constitutes use of force.  "A person is guilty of assault in the second degree if he or she . . . assaults another with a deadly weapon."[15]  Assault includes acting with the intent to create apprehension.[16]  The defendant's conduct must include some physical action that creates a reasonable apprehension that physical injury is imminent.[17]  Displaying a weapon, without

---

[12] Walker, 136 Wn.2d at 772.
[13] 89 Wn.2d 67, 71, 568 P.2d 799 (1977), abrogated on other grounds by State v. Dowling, 98 Wn.2d 542, 656 P.2d 497 (1983).
[14] E.g., State v. Pottorff, 138 Wn. App. 343, 348, 156 P.3d 955 (2007) ("A defendant asserting self-defense is ordinarily required to admit an assault occurred."); State v. Barragan, 102 Wn. App. 754, 762, 9 P.3d 942 (2000) ("Mr. Barragan was not entitled to a self-defense instruction because he denied the underlying act that was the basis for all the assault counts.").
[15] RCW 9A.36.021(1)(c).
[16] State v. Elmi, 166 Wn.2d 209, 215, 207 P.3d 439 (2009).
[17] State v. Maurer, 34 Wn. App. 573, 580, 663 P.2d 152 (1983).

any action indicating that its use is imminent, does not constitute an assault. Ackley testified that he took the knife out of his pocket and opened the blade but kept it down by his side. The trial court refused to find that if Ackley pulled out a knife and held it down at his side, he committed an assault. We agree that this conduct would not constitute assault. Because Ackley does not admit to any otherwise unlawful use of force, like in Aleshire, he is not entitled to a self-defense instruction.

Ackley claims that sufficient evidence supports his self-defense claim because O'Connor's testimony shows his use of force and his own testimony shows a reasonable fear. Ackley correctly notes that the court should consider all the evidence, including facts inconsistent with his own testimony.[18] But considering all the evidence, Ackley still does not show lawful use of force (self-defense) because no evidence shows he had a subjective belief that force was needed. Only Ackley testified about his subjective belief. And, at most, Ackley presents evidence that he believed he needed to hold the knife at his side. He did not testify to any belief that he needed to do more to protect himself or another. He did not testify to any action from which a reasonable juror could infer this subjective belief. Holding a knife by one's side is not an otherwise unlawful

---

[18] See State v. Fisher, 185 Wn.2d 836, 849, 374 P.3d 1185 (2016) (citing Callahan, 87 Wn. App. at 933; State v. Gogolin, 45 Wn. App. 640, 643, 727 P.2d 683 (1986)).

use of force, and Ackley does not present any evidence that he felt the need to take some action that would constitute self-defense. Thus, no evidence supports an essential prong of his self-defense theory.

Ackley contends that case law allows a defendant to argue inconsistent defenses. Ackley relies on State v. Werner.[19] But Werner does not apply to this case. Cases such as Werner and State v. Callahan[20] have concluded that the defenses of accident and self-defense are not mutually exclusive as long as the record includes evidence of both.[21] But as Callahan notes, in cases like Aleshire, the dispositive issue is not inconsistent defenses but, rather, the sufficiency of evidence supporting the self-defense theory.[22] Like Aleshire, this case involves the sufficiency of the evidence, not inconsistent defenses. Ackley does not present sufficient evidence to show a subjective belief he needed to use force that would otherwise be unlawful.

Even if Ackley had presented evidence to show a subjective belief, he fails to show that this belief was reasonable under the circumstances. To support his self-defense theory, Ackley offers evidence that O'Connor lifted up his shirt, that O'Connor had left him threatening messages months earlier, and that Ackley grew up in L.A. O'Connor pulling up his shirt would not cause a reasonable

---

[19] 170 Wn.2d 333, 241 P.3d 410 (2010).
[20] 87 Wn. App. 925, 932, 943 P.2d 676 (1997).
[21] Werner, 170 Wn.2d at 337.
[22] Callahan, 87 Wn. App. at 932.

person in Ackley's shoes to believe he was in danger of imminent injury, particularly because the record contains no evidence that Ackley had reason to think that O'Connor had a gun. Ackley does not explain how his experiences in L.A. caused a reasonable belief he was in danger. Further, evidence of threatening messages from O'Connor from months earlier cannot justify a fear of harm when Ackley initiated the encounter and the O'Connors were simply on a walk in their neighborhood. We find that the evidence is not sufficient to show that Ackley had a reasonable apprehension of harm.

## Excluded Evidence

Ackley also claims that the trial court should not have excluded evidence about prior threats by O'Connor. Ackley claims that this evidence was relevant to his state of mind at the time of the confrontation. The court did not decide the admissibility of this evidence until it had heard evidence related to Ackley's self-defense theory. Later, the court concluded that Ackley had not presented sufficient evidence of self-defense. "[C]ircumstances predating [an assault] by weeks and months [may be] entirely proper, and in fact essential, to a proper disposition of the claim of self-defense."[23] However, once the court determined that Ackley had not produced any evidence to support an element of self-defense, the evidence about prior threats was not relevant. Because the record

---

[23] State v. Wanrow, 88 Wn.2d 221, 235, 559 P.2d 548 (1977).

does not contain sufficient evidence to support Ackley's self-defense theory, the trial court correctly excluded evidence related to threats.

CONCLUSION

Because no evidence shows that Ackley had a subjective belief that use of force was necessary to defend himself, he was not entitled to have the jury instructed on self-defense. Because the record does not include at least some evidence to support one element of Ackley's self-defense theory, no evidence that supports the other elements is relevant. We affirm.

_Leach, J._

WE CONCUR: