
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38619-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT SPEER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — A jury found Robert Speer guilty of assault in the third degree of a

police officer and assault in the second degree with a deadly weapon–his pickup truck.

On appeal Speer argues the evidence was insufficient to prove his intent to cause

apprehension of harm to the law enforcement officers.  We disagree and affirm.

BACKGROUND

In claiming insufficient evidence, the defendant necessarily admits the truth of the

State's evidence and all reasonable inferences drawn from it.  *State v. Salinas*, 119 Wn.2d

192, 201, 829 P.2d 1068 (1992).  These inferences "must be drawn in favor of the State

and interpreted most strongly against the defendant."  *Id*.  The following facts are set

forth with these presumptions in mind.

On January 3, 2021, at about 2:00 a.m., Idaho police requested assistance in stopping a truck that had crossed the state line into Washington. Whitman County Sheriff's Deputy Christopher Olin spotted Idaho police in pursuit of the truck. Deputy Olin joined the chase and turned on his lights and sirens, but Speer did not slow down, stop, or turn on his blinker.

As Deputy Olin pursued Speer, Speer continued to speed up Steptoe Canyon Road, a narrow gravel road with "less than two lanes" in some places. Rep. of Proc. (RP) at 25. Going up Steptoe Canyon Road behind Speer, Deputy Olin testified that on the left side of the road was a large rock wall and on the right side was a steep ravine leading to a creek. Deputy Olin testified that it was dark, rainy, and windy.

As Deputy Olin and Speer continued up Steptoe Canyon Road, other deputies were coming down the same road. Deputy Brian Keller was driving down the road with his emergency lights on. Deputy Keller testified that he could see Speer's on-coming headlight and the reflection of Deputy Olin's emergency lights. At one corner, Deputy Keller came around to find the defendant in the middle of the road coming at him. Deputy Keller sharply jerked over to the shoulder to avoid a collision with Speer who passed by him. Speer was not charged with assault for this incident. After Speer passed him, Deputy Keller turned around and began pursuing Speer along with Deputy Olin.

Deputy Corey Alcantar was the next officer to drive down Steptoe Canyon Road toward Speer. As Deputy Alcantar came around a corner, he saw Speer coming toward

2

him. Realizing that Speer was not slowing down, Deputy Alcantar "panicked," activated his emergency lights, and slammed his car in reverse. Deputy Alcantar continued driving in reverse until he found a safe spot to pull off the road so Speer could pass him. Deputy Alcantar testified that had he not taken evasive actions, he believed that Speer would have hit him, and he would have been hurt. Speer was charged with assault in the third degree for this encounter.

Sergeant Keith Cooper was the next deputy to come down Steptoe Canyon Road and encounter Speer. Before any vehicles came into view, Sergeant Cooper saw the reflection of the other officers' lights coming his way. He then turned on his own emergency lights. As he came around a corner, he saw Speer coming toward him followed by several patrol cars. Speer was traveling uphill as Sergeant Cooper was traveling downhill, but as Speer approached, Sargent Cooper realized that Speer was in his lane of travel. Because there was a hillside on Sergeant Cooper's right, he went to his left into the on-coming lane. He testified that had he not taken evasive steps, he believed there would have been a head-on collision. Speer was charged with assault in the second degree for this encounter.

After passing Sergeant Cooper, Speer drove into a field to avoid spike strips and then got back on the road. Eventually Speer approached two Idaho State Patrol cars who were parked on the road with their emergency lights on. Speer aimed the front of his truck at the cars, which led the Troopers to evacuate and take cover. They shined their

spotlights at Speer, who turned on his off-road lights in response. Deputy Olin used his loudspeaker to give commands to Speer who gave them a "thumbs up" sign out the window.

Eventually, Speer drove into a muddy field. Instead of following him, the deputies set up a perimeter and waited until daylight. In the morning, Speer was found sitting in his truck, stuck in the mud. A jury found Speer guilty of assault in the third degree for assaulting Deputy Alcantar, and assault in the second degree for assaulting Sergeant Cooper with a deadly weapon.

## ANALYSIS

Speer contends that the evidence was insufficient to show that he intended to create reasonable apprehension of harm to the deputies.

Sufficiency of the evidence is reviewed de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Washington follows the standard of review for a challenge to the sufficiency of the evidence as set out in *Jackson v. Virginia*.[1] *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). When reviewing a challenge to the sufficiency of the evidence to prove the elements of an offense, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

*Jackson*, 443 U.S. at 319. Applying this standard ensures the fact-finder applied the constitutional standard required by the due process clause of the constitution, which allows for a conviction of a criminal offense only upon proof beyond a reasonable doubt. *Jackson*, 443 U.S. at 317-18.

Direct and circumstantial evidence are weighed equally. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019). "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013). A fact finder is permitted to draw inferences from circumstantial evidence so long as they are rationally related to the proved fact. *State v. Bencivenga*, 137 Wn.2d 703, 707, 974 P.2d 832 (1999).

To convict Speer of assault in the second degree, the State had to prove Speer assaulted another with a deadly weapon.[2] RCW 9A.36.021(1)(c). To convict him of assault in the third degree, the State had to prove that Speer assaulted a law enforcement officer performing his official duties at the time. RCW 9A.36.031(1)(g).

Washington uses the common law definition of assault. *State v. Miller*, 197 Wn. App. 180, 186, 387 P.3d 1135 (2016). For purposes of this case, that definition included "an act done with the intent to create in another apprehension and fear of bodily injury

---

[2] Speer does not dispute that the officer was acting in his official capacity or that the vehicle was a deadly weapon. Therefore, the focus of this opinion is on the issue of "intent" for assault.

and which in fact creates in another a reasonable apprehension and imminent fear of bodily injury, even though the actor did not actually intend to inflict bodily injury." RP at 134. Under this definition, the State was required to prove that the defendant acted with the intent to create the apprehension. *Id*. at 186. "The conduct must go beyond mere threats; there must be some physical action that, under all the 'circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent.'" *Id*. (quoting *State v. Maurer*, 34 Wn. App. 573, 580, 663 P.2d 152 (1983)).

A person acts with intent or intentionally when acting with the objective purpose to accomplish a result that constitutes a crime. RCW 9A.08.010(1)(a). Intent can be inferred from "'conduct where it is plainly indicated as a matter of logical probability.'" *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004) (quoting *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980)).

Speers argues that because assault is a crime of commission, not omission, his failure to move out of the way of oncoming officers is insufficient to show intent. This argument fails because Speers did more than fail to get out of the way; he drove at the officers when he had a legal duty to stop.

A fact-finder is permitted to draw inferences from circumstantial evidence so long as it relates to a proved fact. *Bencivenga*, 137 Wn.2d at 707. The circumstances in this case are sufficient for a jury to infer that Speer intended to cause the deputies to fear for

6

their safety. Speer drove at the police vehicles with emergency lights flashing in a manner that required the officers to take immediate evasive action to avoid an imminent collision.

We conclude that the record contains substantial evidence to affirm the convictions for assault in the second degree and assault in the third degree.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, C.J.

7